OPINION OF THE COURT
George G. Bernhard, J.
This is a proceeding to compel the clerk of this court to furnish an adopted person inspection of her adoption file. Petitioner cites as her reason for this request the possibility of some genetic factor in her background which might either predispose her to a medical problem (a) with respect to potential marriage and child bearing; or (b) with respect to later life generally. A letter from her physician alludes to unspecified "multiple medical problems” and concludes that "Some of *451 these problems might be better diagnosed if some knowledge of her family’s medical history was made known”. The court attaches little or no significance to that letter.
However, although she cites no immediate compelling medical or genetic problem or marriage inquiry, her request does bring to the fore the exponential increase in the scientific knowledge of genetics and the diagnosis and treatment of problems which people can inherit from their ancestors. Moreover, it is increasingly common for persons to make genetic inquiry of themselves and potential marriage partners to avoid problems to their issue.
According to recent studies, nearly 11% of childhood deaths have been genetic in etiology and approximately 7% of pediatric admissions are for single gene and chromosomal disorders. (Epstein, New Developments in Biotechnology, ch 10, Genetic Disorders and Birth Defects [US Cong 1990].) Screening procedures are available for a few disorders which occur with relatively high frequency. Examples are Tay-Sachs disease in the Ashkenazi Jewish population, Sickle Cell Anemia in the black population and, to a limited extent, B-thalasemia in the Italian and Greek populations. Screening for cystic fibrosis is being considered.
In addition, recessive conditions are commonly observed in conditions of consanguinity of parents so that the risk of abnormal offspring of first cousins appears to be approximately twice that in the general population.
For these reasons, both the Attorney-General and Counsel to the Office of Court Administration were requested to furnish a defense so that this court can make a general ruling as opposed to treating the many requests of this nature in an inconsistent ad hoc manner.
The Legislature has taken steps to give adopted children the benefit of the advances in scientific knowledge while, at the same time, maintaining the confidence of the natural parents. (Public Health Law §§ 4138-a, 4138-b, 4138-c; Social Services Law § 373-a.) The issue is whether the Legislature has gone far enough so as to obviate further disclosure by this court to the adopted child.
This is an issue which must be examined with great care, particularly since natural parents from time immemorial have been assured that their identities would be thoroughly protected as an inducement toward surrendering their children to adoptive parents. Elaborate safeguards are employed to insu *452 late natural parents from adoptive parents in the effectuation of this trust. Accordingly, it is of great concern to the courts that any exercise of discretion beyond that mandated by the Legislature will be governed by clear, consistent and effective principles. They must be clear and consistent so that attorneys and others involved in the adoption process can well explain the rules governing confidentiality to the parents and subsequently to the children over the course of a lifetime, if necessary. They must be effective so that any disclosure will pose only a demonstrable physical benefit to the person seeking access as opposed to gratuitous obtaining of emotionally charged information.
The relevant provisions are set forth in sections 4138-a, 4138-b and 4138-c of the Public Health Law. The issue is whether the information provided therein provides adequate protection against genetic hazards to the adopted child within the framework of today’s medical standards, which might include submission of samples of one’s own tissues for genetic examination.
With respect to discovery, the New York State Health Department is charged with the responsibility of maintaining a register with respect to adoptions which an adoptive child or a natural parent may apply as a member.
The following "non-identifying” information is required to be sent to the Health Department by the court of adoption for the purpose of prompt release to the adoptee upon request and registration:
"For the purpose of this section, the term 'non-identifying information’ shall only include the following information, if known, concerning the parents of an adoptee:
"(a) Age of the parents in years, at birth of such adoptee.
"(b) Heritage of the parents, which shall include nationality, ethnic background and race.
"(c) Education, which shall be the number of years of school completed by the parents at the time of birth of such adoptee.
"(d) General physical appearance of the parents at the time of the birth of such adoptee, which shall include height, weight, color of hair, eyes, skin and other information of similar nature.
"(e) Religion of parents.
"(f) Occupation of parents.
"(g) Health history of parents.
*453 "(h) Talents, hobbies and special interests of parents.
"(i) Facts and circumstances relating to the nature and cause of the adoption.
"(j) Name of the authorized agency involved in such adoption.” (Public Health Law § 4138-b [3] [a]-[j].)
Provisions are also made with respect to registrants in adoptions prior to 1984 to match natural parents with children upon joint request. (Public Health Law § 4138-d.) Moreover, in adoptions after 1984, provision is made to match and identify siblings who so request.
It is also true that prospective spouses of similar ethnic origins are increasingly submitting to genetic testing for problems that are frequent in their group.
It appears that the Legislature has taken definite steps to address petitioner’s concerns. The non-identifying information appears to track the present state of the genetic medical arts. The day might not be far when tissue samples of natural parents might be preserved for these purposes, but that day is not at hand.
This court finds that the provisions of sections 4138-a, 4138-b, 4138-c of the Public Health Law are reasonably sufficient for the purposes of satisfying general, albeit fundamental, concerns of an adopted person. This brings us to the question of whether this court should take it upon itself to provide the "non-identifying” information without need of the registration procedures of the Health Department. This court declines to do so upon the ground that the State Legislature has entrusted this disclosure to the Health Department, not the courts.
Petitioner is referred to the Health Department for the purposes of registration.
The petition is otherwise denied.